IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO.   3:10-2393-CMC-JRM |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| BLYTHEWOOD INVESTMENTS, INC., d/b/a HOLIDAY INN EXPRESS, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Regina Lynn Smyth, who was adversely affected by such practices. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), alleges that Defendant, Blythewood Investments, Inc. d/b/a Holiday Inn Express ("Defendant") discharged Regina Lynn Smyth because of her sex, female.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina.

PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a South Carolina corporation doing business in the state of South Carolina and the City of Blythewood and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Regina Lynn Smyth ("Smyth") filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about September 12, 2008, Defendant engaged in an unlawful employment practice at its hotel in Blythewood, South Carolina (the "Hotel"), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by terminating Smyth from her maintenance position on the basis of sex, female.

8. On or around July 19, 2007, Smyth was hired by Defendant for a maintenance position, specifically to help caulk bathrooms at the Hotel. Shortly after being hired, Smyth became the full-time maintenance worker at the Hotel after the then full-time maintenance worker left the position. Smyth remained in that position until her discharge. For most of her

employment, Smyth was the sole maintenance worker at the Hotel and only full-time maintenance worker. She was responsible for the maintenance and/or repair of the Hotel as needed.

9. On or around July 4, 2008, Defendant hired a new General Manager (male) for the Hotel who became Smyth's direct supervisor. Prior to the hiring of the new General Manager by Defendant, Smyth had not been disciplined for any performance or other issues. Smyth received two pay raises during this period and was retained when Defendant fired all but four existing employees of the Hotel.

10. Defendant's new General Manager did not want a female in the maintenance position. The General Manager repeatedly made derogatory sex-based comments regarding his opinion that a woman could not perform the maintenance position at the Hotel. The General Manager made these comments to Smyth, other Hotel employees, and third-party vendors. For example, the General Manager said that he could not believe that Defendant had put a woman in the maintenance position because it was "man's work." The General Manager also made comments to Smyth, such as "you can't do this; a man could do this," or "a man could do this faster," on a daily or almost daily basis.

11. The General Manager also prohibited Smyth from dealing directly with vendors claiming that such interaction was "man's work." On two different occasions, the General Manager interrupted conversations between Smyth and vendors and made statements such as "he and I will take care of this – man's work," and "got to get a man to do this because our maintenance woman could not do it."

12. In August 2008, Defendant hired a male maintenance worker to work in a part-time capacity assisting Smyth. On or about September 12, 2008, the General Manager

discharged Smyth and put the male maintenance worker into Smyth's full-time position. At the time of her discharge, Smyth was performing her job at a level that met Defendant's legitimate expectations. At the time of her discharge, Smyth was equally or more qualified to perform the maintenance worker job at the Hotel as the male maintenance worker who replaced her. Defendant continued to hire only men into the full-time maintenance worker position.

13. The effect of the practices complained of above has been to deprive Smyth of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Smyth.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from any employment practice that discriminates on the basis of sex, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Smyth, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

  D. Order Defendant to make Smyth whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendant to make Smyth whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

  F. Order Defendant to pay Smyth punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 14th day of September, 2010.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, N.E.
        Washington, D.C. 20507

        LYNETTE A. BARNES
        Regional Attorney

        TINA BURNSIDE
        Supervisory Trial Attorney

        **s/ NICHOLAS WALTER**
        NICHOLAS WALTER
        Trial Attorney (Fed. Bar No. 9975)
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        Telephone: 704.954.6472
        Facsimile: 704.954.6412
        E:mail: Nicholas.Walter@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**